**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| L.F. b/n/f MARY RUFFIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-2415 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, | § § | |
| | § | |
| Defendant. | § | |

**ORDER**

The plaintiff, Mary Ruffin, sues on behalf of her child, L.F., a student with disabilities who is eligible to receive special education and related services from the defendant Houston Independent School District (HISD). She alleges violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.* She also alleges violations of other statutes, including the Rehabilitation Act of 197, 29 U.S.C. § 794. HISD answered and filed a counterclaim under 20 U.S.C. § 1415(i)(3)(B)(i)(III), alleging that Ruffin's claims were "improperly brought for the purpose of harassing, causing unnecessary delay and needlessly increasing the cost of litigation." (Docket Entry No. 4). HISD made this allegation as the basis for claiming attorneys' fees if it prevails in this litigation. Ruffin has filed a "Motion to Deny, the Defendant Counterclaim." (Docket Entry No. 7).

Ruffin's motion appears to ask this court to dismiss the counterclaim for lack of merit. Ruffin also asks the court to order HISD to refrain from filing such documents. The motion

to dismiss cannot be granted. Rule 12(b)(6) allows dismissal only if a complaint or counterclaim fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007), the Supreme Court emphasized that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court must not dismiss a complaint for failure to state a claim unless the party seeking relief has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *Sonnier v. State Farm Mut. Auto. Ins. Co.*, No. 07-30098, 2007 WL 4260892, at *1 (5th Cir. Dec. 6, 2007) (quoting *Twombly*, 127 S. Ct. at 1974); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964–65); *Sonnier*, 2007 WL 4260892, at *1 (quoting *Twombly*, 127 S.Ct. at 1965).

HISD has pleaded a statutory basis for the relief it seeks, an award of fees if, and only if, it ultimately prevails in this suit. Ruffin's motion is based on an assertion that the evidence will support her claim and HISD's affirmative defenses and counterclaim are "unbelievable." Dismissal on the pleadings cannot be based on an argument that a claim is unlikely to succeed or that it is "unbelievable." To the contrary, material allegations in the

complaint or counterclaim must be accepted as true and construed in the light most favorable to the pleader.

Ruffin's motion to deny the defendant counterclaim is denied.  This ruling does not prevent Ruffin from raising the same arguments when the merits of the parties' claims and defenses are reached.

SIGNED on September 25, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge